THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS TAYLOR, Defendant-Appellant.

(No. 71-168;

Fifth District—June 11, 1973.

Robert E. Farrell, of Defender Project, of Mt. Vernon, (Edith L. James, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

PER CURIAM:

Appellant was convicted upon his guilty plea of burglary and theft over $150 in St. Clair County. Probation was denied and appellant was sentenced to a term of from two to five years on each count, sentences to run concurrently. Appellant here seeks alternative remedies. First, he asks that this court find that the trial court abused its discretion when it denied him probation. In the alternative, he asks this court to reduce his sentence.

■■ The Illinois Unified Corrections Code classifies burglary as a Class 2 felony and Theft as a Class 3 felony. Class 2 felonies are punishable by a minimum of one year unless the trial court makes a special determination that due to the nature of the offense or the defendant a higher minimum is required and a maximum of twenty years. Class 3 felonies are punishable by a sentence of from one to ten years with the same provise as to the minimum sentence. (Ill. Rev. Stat., ch. 38, par. 1005—8—1(b) (3) and (4).) The Code further specifies that for Class 2 and 3 felonies the minimum shall not exceed one-third the maximum. (1005—8— 1(c)(3) and (4).) This court held in *People v. Shadowens,* 10 Ill.App.3d 450, 294 N.E.2d 107, that cases brought to this court on appeal will be treated under the Code for resentencing.

■■ Thus it is clear that this case must be returned to the trial court for resentencing. Appellant also claims that the trial judge abused his discretion in denying probation. Appellant asserts that the trial judge considered arrests where no disposition was reached and came to the conclusion that appellant was leading a "life of crime." If this is the case, the decision to deny probation may have been an abuse of judicial discretion. Since this cause is to be returned to the trial court for resentencing, it would be proper for that court to reconsider appellant's motion for probation.

Remanded with directions.