THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS TAYLOR, Defendant-Appellant.

(No. 74-83; )

Fifth District—January 14, 1975.

Robert Farrell, of Mt. Vernon, and Allen L. Wieder, of Chicago, both of State Appellate Defender's Office, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Robert L. Craig, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

On a prior appeal we remanded this cause with directions that sentence be imposed in compliance with section 5—8—1(c)(3),(4) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1 (c)(3),(4)) and that, if necessary, reconsideration be given to defendant's motion for probation. (*People v. Taylor*, 12 Ill.App.3d 353.) Defendant is now appealing from the order of the Circuit Court of St. Clair County imposing new sentences. Previously the trial court had sentenced defendant to terms of 2 to 5 years on each of two counts of an indictment charging burglary and theft over $150, and 2 to 5 years on a separate indictment charging burglary. After remandment the sentences were reduced to terms of not less than 1 year and 8 months and not more than 5 years, all sentences to run concurrently. The sole issue here is whether these sentences were excessive.

At the rehearing on defendant's previous request for probation, and in aggravation and mitigation, the court considered a new presentence report. It stated that defendant was 20 years of age (18 at the time of the offenses), and that while out on appeal bond he had been working on his stepfather's farm for $2 an hour plus room and board. His prior criminal record showed a number of traffic or vehicle violations and two misdemeanors. In addition, while free on appeal bond, he was arrested for theft over $150 for which he was fined and sentenced to 40 days in the county jail. He was also convicted of unlawful delivery of a controlled substance, which cause is now pending on appeal. Defendant's mother testified that she had made arrangements for her son's employment if probation were granted. Following argument by counsel the

court denied probation and imposed the new sentences, stating specifically that he did not previously, and was not now, taking into consideration defendant's mere arrests.

Defendant argues that the nature and circumstances of the offenses for which he was sentenced and his own history and character do not warrant minimum terms in excess of one year within the meaning and intent of the above cited sections of the Code. He also contends that the 5-year maximum imposed is excessive. The State argues that on a remandment for resentencing under the Code the defendant is entitled only to a reduction of the minimum so that it will not be in excess of one-third of the maximum, and that the court is not obliged to consider the nature and circumstances of the offense or the history and character of the defendant. In the alternative, the State contends that even considering these factors the sentences imposed are justified.

■■ With reference to the State's first contention, we have recently held that all sentencing provisions of the Code are applicable to resentencing procedures even though the original sentence may have been imposed prior to the effective date of the Code. (*People v. Hammonds*, 21 Ill.App.3d 5.) Specifically, we held that before resentencing a defendant to a higher minimum than 1 year for a Class 2 felony the court must give consideration to the nature and circumstances of the offense and the history and character of the defendant as required by the Code. We abide by that decision and hold it applicable here.

■■ Defendant makes no objection to the trial court's denial of probation, but he contends that defendant was only 18 years old at the time and that the offenses he committed were no more serious than any ordinary burglary or theft. He argues, therefore, that there was no justification for either the minimum sentence being in excess of 1 year or the maximum being as much as 5 years. We cannot agree. Defendant was convicted of two separate offenses occurring 9 days apart. Even using defendant's argument that they were just ordinary offenses, nonetheless there were two of them, and when considered along with the defendant's record, they do demonstrate a proclivity for committing crime and have a direct bearing on defendant's history and character. In addition, while out on appeal bond, he committed two more offenses, and these facts too may be considered in assessing defendant's character and in determining new sentences even though they occurred after the time of his original sentencing. *North Carolina v. Pearce*, 395 U.S. 711, 23 L.Ed.2d 656, 89 S.Ct. 2072; *People v. Heise*, 35 Ill.2d 214; Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—4.

On the basis of these facts we find that the trial court did consider the history and character of the defendant and the nature of the offenses

committed by him, and we cannot say that the sentences imposed were in any sense an abuse of the court's discretion. Accordingly, the judgment of the Circuit Court of St. Clair County is affirmed.

Affirmed.

EBERSPACHER and CARTER, JJ., concur.