THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RICKY CLAYTON, Defendant-Appellant.

Fifth District   No. 76-403

Opinion filed July 15, 1977.

Michael J. Rosborough and Michael Yovovich, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant appeals a three- to nine-year sentence following revocation of probation. Defendant's sole contention is that the sentence imposed

was arbitrary and in pursuance of a personal sentencing policy of the trial court rather than in conformance with the Code of Corrections. We must agree.

On September 19, 1975, defendant entered a negotiated plea of guilty to the offense of theft of property valued in excess of $150 and was placed on probation for a period of two years. Eight months later a petition to revoke probation was filed in which it was alleged that defendant had committed a burglary. At the hearing on the petition it was established that defendant, accompanied by another, broke into the home of a neighbor and took a lawnmower and a bicycle. The court properly found that defendant had violated his probation and revoked it.

At the sentence hearing the State waived presentation of evidence in aggravation but the prosecutor stated: "I would merely point out to the court its announced policy towards people who commit subsequent crimes after having been placed on probation in the first instance." The defendant did not present any evidence in mitigation but his attorney, in remarks to the court, stated: "The only point that I would point out to the court is that Mr. Clayton is 18 years old and, as such, I think the court does have an opportunity to consider rehabilitation more than in some other types of cases. I would request the Court to depart from its usual policy of an extensive sentence of three to nine or larger and in this particular case, give this defendant a sentence of one to three, and I would request that this defendant would best be served and I think it would be in the interest of society if the Court would also recommend that his incarceration be at some institution other than Menard."

In imposing sentence, the court made the following remarks:

"I think some of the points that Mr. Hoffman made on your behalf are points that he should make as your attorney, and in a sense are well taken. However, if probation is to mean anything in this County, then the people who are put on probation must abide by the rules and must abide by the terms of their probation. I know you say that you didn't commit this burglary, but I have found sufficient evidence and I do believe that you committed this burglary based on the evidence. And accordingly, I have no alternative at this time in my judgment but to sentence you in accordance with what I think the policy should be for people like yourself who violate the terms of their probation. As I indicated to you when I placed you on probation, probation is a privilege. And when it's violated, the results are disasterous for the person who does violate it. Accordingly, I hereby sentence you to the Illinois Department of Corrections for a period of not less than three years nor more than nine years, there to remain until discharged according to law."

■■ When a defendant who has been convicted of an offense is admitted to probation, and that probation is subsequently revoked, the court may resentence the defendant to any sentence that would have been appropriate for the original offense. (*People v. Willett,* 44 Ill. App. 3d 545, 358 N.E.2d 657; *People v. Elsner,* 27 Ill. App. 3d 957, 327 N.E.2d 592; *People v. Bullion,* 21 Ill. App. 3d 297, 314 N.E.2d 731.) The sentence imposed upon revocation may not be punishment for the offense which causes the revocation although the subsequent offense may be considered as constituting a part of a defendant's history and character and his possibilities for rehabilitation. *People v. Tatum,* 29 Ill. App. 3d 251, 330 N.E.2d 281; *People v. Harden,* 6 Ill. App. 3d 172, 284 N.E.2d 716.

■■ The Unified Code of Corrections requires the trial court to consider the nature and circumstances of the offense and the history and character of the defendant in imposing sentence. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(c)(3).) This is particularly true when the minimum sentence imposed is greater than the minimum established by statute. *People v. Coultas,* 30 Ill. App. 3d 81, 332 N.E.2d 169.

■■ In view of the defendant's record, the nature of the offense for which the sentence was being imposed and the remarks of the court and counsel which are set forth above, it is apparent that the central theme in the formulation of the sentence by the court was a policy to provide a severe sentence for a violation of probation. So far as it appears from the record, little, or no, consideration was given to the fact that defendant was 18 years old and had no criminal record prior to the conviction for which sentence was imposed. Defendant's background and the unaggravated nature of the offense furnishes sparse justification to a court for moving off the minimum term of imprisonment that could have been imposed, one to three years.

However worthy the court's policy may be as a deterrent to those granted probation, it is not in conformity with the policy of the legislature as set forth in the Code of Corrections. The statutory policy must, of course, prevail.

Accordingly, we affirm the finding of the court that defendant has violated the terms of his probation, set aside the sentence, and remand the cause for a new sentence hearing and imposition of a new sentence.

Affirmed in part; reversed in part; and remanded.

CARTER, P. J., and EBERSPACHER, J., concur.