NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190874-U

NOS. 4-19-0874, 4-19-0875 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 21, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| TYJUAN R. JOHNSON, | ) | Nos. 17CF1670 |
| Defendant-Appellant. | ) | 18CF86 |
| | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Holder White and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not abuse its discretion in sentencing defendant to 10 years in prison.

¶ 2    In February 2018, defendant, Tyjuan R. Johnson, pleaded guilty to felony domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2016)) in Champaign County case No. 17-CF-1670. At the same hearing, defendant pleaded guilty to violating an order of protection (*id.* § 12-3.4(a)) in Champaign County case No. 18-CF-86. The trial court subsequently sentenced defendant to five years in prison in case No. 17-CF-1670 and five years in prison in case No. 18-CF-86, with the two sentences to run consecutively. In this consolidated appeal, defendant argues his sentences were excessive because the court improperly weighed the applicable sentencing factors. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4            On November 29, 2017, the State charged defendant with felony domestic battery

(720 ILCS 5/12-3.2(a)(1) (West 2016)) in case No. 17-CF-1670. On January 22, 2018, in case No.

18-CF-86, the State charged defendant with violating an order of protection (*id.* § 12-3.4(a)). Both

offenses were charged as Class 4 felonies and, in both cases, the State indicated defendant was

extended term eligible because he had previously been convicted of felony domestic battery in

Champaign County case No. 16-CF-805.

¶ 5            On February 26, 2018, defendant entered guilty pleas in case No. 17-CF-1670 and

case No. 18-CF-86. Pursuant to defendant's negotiated plea agreement, he would be sentenced to

30 months' probation in both cases, subject to the "standard rules and conditions of probation,"

with the two sentences running concurrently. As an additional condition of defendant's plea

bargain, defendant was not permitted to have any contact with T.S. In support of defendant's plea

in case No. 17-CF-1670, the prosecutor informed the trial court that, on November 29, 2017, police

responded to a residence in Champaign where they encountered T.S., who had swelling below her

eye. T.S. informed police that she and defendant, her "on and off" boyfriend, had an argument and

that defendant "struck her in the face with his fist." In support of defendant's plea in case No. 18-

CF-86, the prosecutor informed the court that on January 17, 2018, T.S. obtained an order of

protection against defendant and that, as a condition of that order, defendant was not to contact

T.S. Defendant was served with the order of protection the same day it was entered. Nonetheless,

on January 18, 2018, he telephoned T.S. from the Champaign County jail, where he was still being

held after being arrested in case No. 17-CF-1670. Finally, the State requested that the court take

judicial notice of defendant's felony domestic battery conviction in Champaign County case No.

16-CF-805. The court ultimately accepted defendant's guilty pleas and sentenced defendant in

accordance with the parties' agreement. In the court's written sentencing orders, defendant was required, as a condition of his probation, not to have contact with T.S., to report to the Champaign County Court Services Department twice per month, and to refrain from possessing and consuming alcohol and illicit drugs.

¶ 6      On September 4, 2018, the State filed petitions to revoke defendant's probation, alleging that, on August 31, 2018, defendant had consumed alcohol, struck T.S. in the face, and pushed T.S. In November 2018, defendant admitted and stipulated to consuming alcohol. In exchange for defendant's admission and stipulation, the State agreed, in relevant part, that defendant would be placed on probation for a period of 12 months in each case. In the trial court's written sentencing orders, defendant was again required, as a condition of his probation, to report to the Champaign County Court Services Department twice per month and to have no contact with T.S. Additionally, defendant was ordered to enroll in a partner abuse intervention program within 60 days and to successfully complete the program.

¶ 7      On August 23, 2019, the State filed a second petition to revoke defendant's probation in case No. 17-CF-1670 and in case No. 18-CF-86, alleging that defendant had failed to report to the Champaign County Court Services Department during the month of December 2018 and only reported once during February and June 2019. The petition additionally alleged that defendant had failed to enroll in a partner abuse intervention program within 60 days of the trial court's sentencing order. Following a hearing, the court granted the State's petition, revoked defendant's probation, and scheduled a sentencing hearing.

¶ 8      A presentence investigation report (PSI) was filed on October 2, 2019. According to the PSI, defendant's criminal history included multiple traffic violations, four misdemeanor convictions, and seven felony convictions. Among defendant's prior convictions was a 2015

misdemeanor conviction for domestic battery and a 2016 felony conviction for domestic battery perpetrated upon T.S. Additionally, the PSI reported that T.S. had obtained an emergency order of protection against defendant on September 4, 2018, and that a two-year plenary order of protection had been entered in October of 2018. The PSI further reported that defendant had a close relationship with his mother, stepfather, siblings, and five children but owed over $91,000 in unpaid child support. Finally, the PSI indicated that defendant had been diagnosed with schizoaffective disorder, bipolar type anxiety disorder, and alcohol abuse and that defendant self-reported that he had a learning disability.

¶ 9        Subsequently, the trial court conducted a sentencing hearing. During the sentencing hearing, the State presented testimony from Officer Gary Leibach of the Champaign Police Department. Leibach testified that, on February 14, 2019, he reported to OSF Hospital in Urbana and met with T.S. who presented with an injury to her upper lip, which required stitches, and with a loose tooth. T.S. told Leibach that, earlier that day, she had been with defendant and that the two had an argument during which he struck her in the mouth with a closed fist, causing her to lose consciousness. Later, defendant struck T.S. again, after which T.S. went to the hospital.

¶ 10        Defendant's mother testified on his behalf, stating that defendant had always struggled with mental health and, although he took medication to control his symptoms, still needed assistance with "everyday life skills." Defendant's mother further testified that defendant had helped her take care of her mother (defendant's grandmother) before she passed away.

¶ 11        The parties presented argument, and defendant made a statement in allocution following which the trial court sentenced defendant to five years in prison in case No. 17-CF-1670 and five years in case No. 18-CF-86, with the sentences to run consecutively. In imposing defendant's sentences, the court stated it had considered in mitigation defendant's "mental health

- 4 -

condition" and that he was only 35 years old at the time of the offenses. In aggravation, the court referenced defendant's prior criminal history, noting four of defendant's criminal convictions were "domestic battery type[ ] convictions, either violation of order of protection or domestic battery." The court also found that a prison sentence was necessary to "pose the appropriate deterrent factor for other individuals similarly situated who over and over and over again not only violate the court's orders, but batter the victim in this case."

¶ 12      On October 28, 2019, defendant filed motions to reconsider his sentences, which the trial court denied.

¶ 13      This appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15      In this consolidated appeal, defendant argues his sentences in case No. 17-CF-1670 and case No. 18-CF-86 are excessive because the trial court improperly weighed the applicable sentencing factors.

¶ 16      The Illinois Constitution mandates that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. "This constitutional mandate calls for balancing the retributive and rehabilitative purposes of punishment, and the process requires careful consideration of all factors in aggravation and mitigation." (Internal quotation marks omitted.) *People v. Cunningham*, 2018 IL App (4th) 150395, ¶ 36, 115 N.E.3d 423. "The trial court must base its sentencing determination on the particular circumstances of each case, considering such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age." *People v. Fern*, 189 Ill. 2d 48, 53, 723 N.E.2d 207, 209 (1999). Subject to certain limitations, a sentencing court may also consider criminal conduct by the

- 5 -

defendant for which there had been no prosecution or conviction. *People v. Raney*, 2014 IL App (4th) 130551, ¶ 43, 8 N.E.3d 633. In addition, the Unified Code of Corrections (730 ILCS 5/5-5-3.1 to 5-5-3.2 (West 2016)) sets forth numerous mitigating and aggravating factors the trial court "shall" consider in issuing its sentence. However, "a trial court is not required to expressly outline its reasoning for sentencing, and absent some affirmative indication to the contrary (other than the sentence itself), we must presume that the court considered all mitigating factors on the record." *People v. Jones*, 2014 IL App (1st) 120927, ¶ 55, 8 N.E.3d 470.

¶ 17        "The sentence imposed by the trial court is entitled to great deference and will not be reversed on appeal absent an abuse of discretion." (Internal quotation marks omitted.) *People v. Wheeler*, 2019 IL App (4th) 160937, ¶ 39, 126 N.E.3d 787. "A sentence within the statutory guidelines provided by the legislature is presumed to be proper." *Id.* ¶ 38. Such a sentence "will not be deemed excessive, and will not be disturbed, unless it is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense." (Internal quotation marks omitted.) *Cunningham*, 2018 IL App (4th) 150395, ¶ 48. In reviewing defendant's claim, we are mindful that a reviewing court "may not substitute its judgment for that of the trial court merely because it would have weighed [the sentencing factors] differently." *Wheeler*, 2019 IL App (4th) 160937, ¶ 38.

¶ 18        "When a defendant is admitted to probation and that probation is revoked, the trial court may sentence the defendant to any sentence that would have been appropriate for the original offense." (Internal quotation marks omitted.) *People v. Hibbler*, 2019 IL App (4th) 160897, ¶ 97, 129 N.E.3d 755. The sentence imposed following the revocation of probation is reviewed under the same standard as is applicable to sentencing determinations generally. See *id.*; *People v. Young*, 138 Ill. App. 3d 130, 142, 485 N.E.2d 443, 450 (1985) ("[S]uch determinations as follow upon the

revocation of probation ought not be more easily overturned than sentencing determinations generally.").

¶ 19        Here, defendant was sentenced based upon his conviction for domestic battery in case No. 17-CF-1670 and his conviction for violating an order of protection in case No. 18-CF-86. Because defendant had recently been convicted of felony domestic battery in a separate case, the offenses underlying the subject convictions were Class 4 felonies (720 ILCS 5/12-3.2(b) (West 2016); (*id.* § 12-3.4)) and defendant was extended term eligible (730 ILCS 5/5-5-3.2(b)(1) (West 2016)). Therefore, both of defendant's convictions in this appeal carried a potential term of imprisonment between three and six years (*id.* § 5-4.5-45). Additionally, because defendant committed the offense in case No. 18-CF-86 while in pretrial detention for the offense in case No. 17-CF-1670, his sentences were required to run consecutively. See *id.* § 5-8-4(d)(8). Pursuant to this authority, defendant's 5-year prison sentences in these two cases, for a total prison sentence of 10 years, were within the permissible statutory range and, therefore, presumed to be proper.

¶ 20        Nonetheless, defendant claims his sentences were excessive because the trial court improperly weighed the applicable sentencing factors. Specifically, defendant contends that his sentences were "disproportionate to the severity of the offense" and that the court "did not adequately take into account [his] strong family support[ ] and serious mental health issues." We reject defendant's arguments. While defendant's combined 10-year sentence is near the top of the applicable sentencing range, he has failed to demonstrate that it is manifestly disproportionate to the nature of the offense or that it is greatly at variance with the spirit or purpose of the law.

¶ 21        As an initial matter, we note that defendant wants us to focus on his "thr[owing] one punch and ma[king] one phone call." While these actions may have been the basis for the charges in the present cases, the evidence presented at the sentencing hearing demonstrated that

defendant's actions were part of a pattern of domestic abuse perpetrated by him upon T.S. that began in 2016 and continued into 2019. This pattern of abuse continued despite the fact that, in 2018, T.S. obtained an order of protection which prohibited defendant from contacting her. Based on this evidence, the court properly determined that a lengthy prison sentence was necessary to deter "other individuals similarly situated who over and over and over again not only violate the court's orders[ ] but batter the victim in this case."

¶ 22        Additionally, we note that defendant does not contend that, in imposing his sentence, the trial court failed to consider relevant mitigating or aggravating evidence or that the court relied on an improper sentencing factor. Instead, defendant only contends the court improperly weighed the applicable sentencing factors. Such a claim is not a basis for relief in this appeal. See *People v. Alexander*, 239 Ill. 2d 205, 214, 940 N.E.2d 1062, 1067 (2010) ("The sentencing judge adequately considered the appropriate factors, and it is not our duty to reweigh the factors involved in his sentencing decision."). The record demonstrates that the court considered all of the evidence and argument presented by the parties at the sentencing hearing as well as the applicable sentencing factors. Additionally, prior to imposing defendant's sentence, the court explicitly referenced two factors in mitigation, defendant's mental health condition and young age. However, the court determined these mitigating factors were outweighed by the aggravating factors, chiefly, defendant's criminal history—which, as noted by the court, included multiple instances of violating court orders and of domestic battery against T.S.—and the need to deter defendant and others from committing similar offenses.

¶ 23        The record in the present case demonstrates the trial court appropriately weighed the relevant sentencing factors and all relevant evidence presented at the sentencing hearing. Therefore, we find the court did not abuse its discretion in sentencing defendant to 10 years in

prison.

¶ 24                                III. CONCLUSION

¶ 25            For the reasons stated, we affirm the trial court's judgment.

¶ 26            Affirmed.