NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231475-U

NO. 4-23-1475

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 22, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Adams County |
| DONALD W. MILLER SR., | ) | No. 21CF562 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Robert K. Adrian, |
| | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Justices DeArmond and Grischow concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court affirmed, finding the trial court did not abuse its discretion in sentencing defendant.

¶ 2     Defendant, Donald W. Miller Sr., appeals the trial court's judgment revoking his probation and sentencing him to four years' imprisonment. He argues the court's sentence was excessive considering the seriousness of his offense and his rehabilitative potential. We affirm.

¶ 3                       I. BACKGROUND

¶ 4     On August 15, 2021, during a traffic stop, police found a small cylinder in defendant's pocket containing what appeared to be cannabis and a substance that field tested positive for methamphetamine. Defendant was arrested and charged with one count of unlawful possession of methamphetamine (less than five grams), a Class 3 felony. 720 ILCS 646/60(b)(1) (West 2020). Because defendant had been convicted of the same offense in 2012, he was

extended-term eligible if convicted. 730 ILCS 5/5-5-3.2(b)(1) (West 2020). Pursuant to a negotiated guilty plea, defendant pleaded guilty to unlawful possession of methamphetamine and was sentenced to 24 months' probation. Per the terms of his probation, he was required not to use cannabis or controlled substances without a prescription, to report to his probation officer, and to complete a substance abuse evaluation.

¶ 5        From September 2022 to March 2023, the trial court held four probation review hearings for defendant. At defendant's first probation review, his probation officer stated defendant had not completed the substance abuse evaluation, missed two probation appointments, and admitted to continuing use of methamphetamine. Defendant stated his missed appointments and delay in obtaining an evaluation were both due to his job. The court acknowledged defendant's situation but advised him to prioritize compliance with the terms of his probation.

¶ 6        At his second probation review, defendant's probation officer told the trial court defendant attended his probation appointments but continued to use methamphetamine and indicated he had no desire to stop. He had not completed the substance abuse evaluation or paid any fines. When asked by the court what he expected to get out of probation, defendant answered, "I don't expect nothing from probation." When asked what he expected out of himself, he replied, "Nothing."

¶ 7        At his third probation review, defendant's probation officer noted a positive change in defendant's attitude, saying he had tested negative on two drug tests, which were administered seven days apart. Still, defendant had missed another probation appointment and had not completed his substance abuse evaluation.

¶ 8        At his fourth probation review, defendant's probation officer stated defendant had missed another probation appointment and still had not completed the substance abuse evaluation. Defendant stated he attempted to schedule the evaluation but did not receive a call back.

¶ 9        The State filed a petition to revoke defendant's probation on April 6, 2023. The petition alleged defendant had violated his probation by (1) failing to attend probation appointments, (2) testing positive for methamphetamine, amphetamines, and tetrahydrocannabinol on three occasions and methamphetamine and amphetamines on another, and (3) failing to complete his substance abuse evaluation. At a hearing on the petition, defendant admitted to the first and third allegations, and the State withdrew the second. A resentencing hearing was scheduled, and the trial court ordered a presentence investigation report (PSI) to be completed for defendant.

¶ 10       The PSI, filed July 13, 2023, detailed defendant's educational history, familial history, and health. It also discussed his history of substance abuse, which began when he first consumed alcohol and used cannabis at age nine. Defendant first tried methamphetamine at age 25 and has used it consistently in the decades since. He stated methamphetamine did not affect him " 'that much,' " and he did not believe he would benefit from substance abuse counseling. The PSI also discussed defendant's lengthy criminal history, which included multiple convictions related to methamphetamine. The PSI concluded by expressing concern about defendant's "defiant behavior," noting comments from defendant that seeking substance abuse treatment was " 'stupid,' " that he had " 'used meth for 40 years and [he][was] not stopping,' " and that he would " 'only stop using if [he] go[es] to jail and [he]will use methamphetamine

once [he] get[s] out of jail.' " The PSI recommended sentencing alternatives other than probation for defendant.

¶ 11        Defendant's sentencing hearing was held on July 28, 2023. The State focused on the PSI and defendant's dismissive attitude throughout probation, while defense counsel noted that defendant had no new charges, was employed, and had scheduled a substance abuse evaluation, albeit "somewhat late." In his own defense, defendant asked the trial court to consider that in the last year and a half, he had lost his father, mother, and eldest child, and drugs were "the natural thing for [him] to turn to."

¶ 12        The trial court stated:

> "The Court has considered the [PSI], has considered the factors in aggravation, mitigation, the arguments of counsel, and the statement of the defendant. The Court first has to consider whether or not the defendant is appropriate for probation when it considers a charge such as this and the defendant was given [a] chance on probation. Did virtually nothing on probation. [The State] is right. He has not exhibited the—a very pleasant attitude throughout this and, you know, that is the one thing you can control is your attitude. You may not be able to control a lot of things but the one thing you can control is your attitude and [defendant] has not exhibited an attitude where he wants to take this seriously or that he wishes to cooperate at all and that's fine. *** And the court does consider that [defendant] has had several losses recently now that he brought that up and that's all a terrible thing so the Court will consider that."

The court sentenced defendant to four years' imprisonment. Thereafter, defendant filed a motion to reconsider, which was denied.

¶ 13     This appeal followed.

¶ 14                              II. ANALYSIS

¶ 15     Defendant argues his sentence was excessive because (1) his offense was not serious enough to justify a sentence of four years and (2) the trial court discounted his potential for rehabilitation when determining the sentence. We disagree with both contentions.

¶ 16     When a defendant is resentenced following the revocation of probation, the trial court may impose any sentence that would have been appropriate for the original offense. *People v. Young*, 138 Ill. App. 3d 130, 134-35 (1985). A trial court is granted broad discretion in imposing sentences on defendants. *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). Its sentencing decisions are entitled to great deference and will not be reversed by a reviewing court absent an abuse of discretion. *Id.* at 209-10. "A sentence within statutory limits will not be deemed excessive unless it is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense." *People v. Fern*, 189 Ill. 2d 48, 54 (1999).

¶ 17     "The trial court's sentence must be based upon the particular circumstances of the case, including (1) the defendant's history, character, and rehabilitative potential; (2) the seriousness of the offense; (3) the need to protect society; and (4) the need for punishment and deterrence." *People v. Sturgeon*, 2019 IL App (4th) 170035, ¶ 102. Section 5-5-3.2. of the Unified Code of Corrections provides courts with a list of mitigating and aggravating factors to be considered when determining a defendant's sentence. 730 ILCS 5/5-5-3.2 (West 2022). A defendant's prior criminal history and whether the offense caused serious harm are both factors to be considered. *Id.* § 5-5-3.2(a)(1), (3). Substance abuse, a factor not included in the statutory list, is a " double-edged sword " that may reasonably be viewed by a court as either a mitigating or aggravating factor. (Internal quotation marks omitted.) *People v. Klein*, 2022 IL App (4th)

200599, ¶ 36. A court might, for example, view substance abuse as lessening a defendant's rehabilitative potential. *Id.* It is within the court's discretion to decide what weight to give any mitigating and aggravating factors. *Id.* ¶ 37. A reviewing court must not substitute its judgment for that of the trial court in weighing the relevant factors. *Id.*

¶ 18     Defendant argues that possession of less than five grams of methamphetamine is not a serious offense, as it is a small quantity of drugs and "a non-violent, victimless offense." He therefore contends that his sentence was " 'manifestly disproportionate to the nature of the offense' " and " 'greatly at variance with the spirit and purpose of the law.' " In making this argument, defendant ignores the fact that his sentence was not based on his offense alone, but also on additional aggravating factors. The trial court specifically referenced the PSI, which included information about defendant's significant criminal history and long-standing substance abuse, as well as his repeated refusal throughout the probation period to cooperate with multiple terms of probation. Relying on the totality of the evidence before it, the court arrived at a sentence of 4 years' imprisonment, considerably less than the maximum 10 years to which he could have been sentenced. See 730 ILCS 5/5-4.5-40(a) (West 2020).

¶ 19     Defendant's second contention, that the trial court discounted his rehabilitative potential when determining his sentence, is also unconvincing. Indeed, it is contrary to the record. At defendant's sentencing hearing, the court noted that defendant had been given a chance on probation and done "virtually nothing" with that opportunity. The court stated, "[Defendant] has not exhibited an attitude where he wants to take this seriously or that he wishes to cooperate at all." The court clearly drew conclusions regarding defendant's rehabilitative potential in light of his failure to comply with the terms of his probation, as it was entitled to do.

See *Young*, 138 Ill. App. 3d at 135 ("[I]t is proper for the trial court to consider the defendant's conduct on probation in assessing his rehabilitative potential.").

¶ 20　　　　The remaining points defendant raises—his purported difficulty in making an appointment for a substance abuse assessment, his struggles with addiction and hopelessness, his grief over the recent deaths of loved ones—are all mitigating factors the trial court could reasonably have given less weight to than other aggravating factors, such as his continued use of methamphetamine throughout his probation period, his defiant attitude toward treatment, and his lengthy criminal history. Essentially, defendant asks us to reweigh the factors the court considered in determining his sentence and arrive at a sentence more favorable to him. This is not our role. *Klein*, 2022 IL App (4th) 200599, ¶ 37. Our role is to review the decision of the court in light of all of the information the court had and determine if the sentence it imposed on defendant was an abuse of discretion. We conclude it was not.

¶ 21　　　　　　　　　　　　　　III. CONCLUSION

¶ 22　　　　For the reasons stated, we affirm the trial court's judgment.

¶ 23　　　　Affirmed.