THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MICHAEL LOCEY, Defendant-Appellant.

Third District   No. 77-40

Opinion filed July 13, 1977.

·  Robert Agostinelli and Michael J. Pelletier, both of State Appellate Defender's Office, of Ottawa, for appellant.

Robert J. Renkes, State's Attorney, of Morrison (James E. Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
Defendant Michael Locey appeals from orders entered in the Circuit Court of Whiteside County which revoked defendant's probation and thereafter sentenced defendant to a term of 2 to 6 years imprisonment for the offense of burglary, with credit for time served in the county jail.
On appeal in this court defendant argues that the trial court abused its discretion by imposing an excessive sentence which punished defendant both for the underlying conviction for which he was originally given probation and for the acts for which the probation was revoked. Defendant also asks that we reduce his sentence as excessive.

Defendant pleaded guilty to the offense of burglary on December 16, 1974, for violation of section 19—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 19—1). As a result of such plea of guilty he was sentenced to three years of probation and was ordered to pay court costs and a $500 fine. On July 9, 1976, the State filed a petition to revoke defendant's probation and alleged in such petition that defendant violated his probation on or about June 12, 1976, by committing the offenses of burglary and attempt (burglary), in violation of section 19—1 and 8—4 of the Criminal Code. A public defender was appointed to represent the defendant in the probation revocation proceedings. Testimony at the hearing established that several items were taken from a boat and from an automobile and were observed in defendant's automobile by a police officer. The defendant told the officer that the items belonged to him, the defendant. Those items were later found in bushes near defendant's house. Following the testimony of witnesses and arguments of counsel, the trial court found that defendant had violated his probation and ordered defendant's probation to be revoked.

At the sentencing hearing which was held on November 12, 1976, testimony was heard from defendant's probation officer and from defendant. From the record it appears that defendant was 20 years old at the time of the original burglary conviction and while defendant at that time had no prior felony record, he had been convicted of several misdemeanors and traffic offenses. At the sentencing hearing in the instant case, following revocation of probation, the State recommended a sentence of 2 to 8 years imprisonment while defense counsel recommended a sentence of 1 to 3 or 1 to 4 years imprisonment. Defense counsel argued for a lower sentence by stating that the conduct constituting the violation of defendant's probation was not the typical breaking and entering type of burglary, nor was it at night, and that the sentence recommended by the State was excessive even for a second or subsequent burglary offense. The trial court corrected counsel on the nature of the burglary for which defendant had been originally convicted and placed on probation, and noted that the breaking and entering of the gasoline service station involved was in the nighttime, and that defendant could be sentenced to up to 20 years imprisonment for that offense. The trial court continued by saying that defendant:

> "* * * instead received a sentence of probation which was a period of time that he was obligated to obey the law, to prove his worth to himself and society, in other words that time he got a second chance and he nevertheless committed the two burglaries for which I have now revoked his probation. I don't understand that the imposition of minimum sentences is a requirement * * *, or even desirable, following the apparent commission of two

additional offenses, three burglaries, three offenses. I think that the recommendation of the State is proper with the exception that the * * * maximum sentence will be 6 years instead of 8. * * * I should comment also on defense counsel's comment about * * * what has been the usual in sentences of burglaries in this county and simply say that I think the fact that these kinds of offenses continue and are perhaps on the increase may well indicate if in fact this is a new departure [it] ought to be taken and certainly in cases where there has [sic] been prior offenses of the same nature."

As we have noted the trial court sentenced defendant to a term of 2 to 6 years imprisonment, with credit for time served in the county jail.

Defendant argues now in this court on appeal that the trial court abused its discretion when sentencing defendant by imposing an excessive sentence which punished defendant both for the burglary conviction and for the acts for which the probation was revoked.

■■ In a recent opinion of this court we stated, in *People v. Deskin* (3d Dist. 1977), 47 Ill. App. 3d 328, 330, 361 N.E.2d 1188:

"It is well established by case law in our State that a sentence imposed following a revocation of probation must be for the original or underlying crime and not based upon conduct occurring after the grant of probation. [Citations.]

In determining guidelines for resentencing the reviewing court in *People v. White* (1968), 93 Ill. App. 2d 283, 288, 235 N.E.2d 393, stated:

'It is clear that upon revocation of probation, sentence may be imposed for the original offense upon the conviction of which the defendant was granted probation. If the act alleged to be a violation of probation constitutes another crime and sentence is to be imposed for the subsequent act, the defendant should be tried for such crime and sentence imposed under the orderly criminal processes. This does not preclude sentence on the original offense and the distinction is drawn so as to obviate any question of double jeopardy. [Citations.]'

The trial court in imposing sentence following revocation of probation may consider defendant's conduct while on probation in order to reflect the court's reassessment of defendant's rehabilitation potential but there should be no commingling of matters relating to the original offense with the conduct which gave rise to the probation revocation."

In applying such standards we conclude that the trial court in the instant case properly sentenced the defendant. We note that after defense

counsel argued for the imposition of a lesser sentence than recommended by the State, by minimizing defendant's conduct in violation of his probation and asserting that the original violation did not occur at night, the trial court properly ascertained that the offense for which the defendant had been placed on probation, and for which he was to be sentenced, was the burglary of a service station in the nighttime. It appears from the court's statement that the trial court, in sentencing defendant, permissibly considered the impact of defendant's conduct while on probation upon defendant's rehabilitation potential.

■■ On the basis of the arguments of counsel and the comments of the trial court, we find that we cannot conclude that the trial court, in sentencing defendant, improperly commingled the initial offense and the conduct which gave rise to the revocation of the defendant's probation. We conclude, after consideration of all of the trial court's comments considered in their complete context and in the context of defense counsel's arguments, that the trial court properly imposed sentence upon defendant for the underlying burglary conviction while permissibly taking into consideration, as a reflection of defendant's rehabilitation potential, defendant's conduct subsequent to being placed on probation. We also conclude that the sentence is not inherently excessive in view of the record in this cause.

For the reasons stated, therefore, the judgment rendered and the sentence imposed by the Circuit Court of Whiteside County are affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.