THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WILLIAM R. COOPER, JR., Defendant-Appellant.

Third District   Nos. 3—86—0047, 3—86—0048 cons.

Opinion filed August 26, 1986.

Frank W. Ralph and Scott C. Newman, both of State Appellate Defender's Office, of Ottawa, for appellant.

Raymond Kimbell II, State's Attorney, of Galesburg (Rita Kennedy Mertel, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Defendant appeals from judgment entered by the circuit court of Knox County of January 15, 1986, revoking defendant's probation and sentencing him to concurrent terms of five years of imprisonment on the underlying offenses—two burglaries. The facts are not greatly disputed on appeal, but will be outlined as necessary as a background for our discussions of the issues before us.

Defendant entered pleas of guilty in December 1983, and again in March 1984, to the two separate charges of burglary. (83—CF—146 and 84—CF—8, respectively.) The pleas were accepted upon the court's giving appropriate admonitions and findings of factual bases for them. Defendant was sentenced to concurrent terms of four years of probation conditioned upon several terms, including serving 120 days of periodic imprisonment, undergoing treatment for drug addiction and/or alcoholism and not violating any criminal statutes. The court granted defendant credit for 81 days of jail time to be applied against the concurrent sentences of periodic imprisonment. In its written judgment of March 27, 1984, the court found the following three factors in mitigation: "that the defendant's criminal conduct neither caused nor threatened serious physical harm to another person; that the defendant did not contemplate that his criminal conduct would cause or threaten serious physical harm to another; and that the defendant is likely to comply with the terms of a period of probation." In aggravation, the court found that the defendant has a history of prior delinquency or criminal activity, and that the sentence was necessary to deter others from committing the same crime.

On July 16, 1984, the State's Attorney filed a first petition to revoke defendant's probation on the ground that defendant had resisted a peace officer. Upon receiving evidence in an offer of proof on stipulation of the defense, the court found that defendant had violated his probation as alleged in the State's petition and revoked defendant's probation accordingly. The court resentenced him to concurrent terms of probation expiring on March 27, 1988, conditioned, *inter alia*, on serving 120 days in the Knox County jail and not violating any criminal statutes. The court granted 18 days of credit for time served

pending a hearing on the petition to revoke probation and specifically denied credit for time served on probation.

A second petition to revoke defendant's probation was filed on April 9, 1985, alleging that defendant had committed the offense of telephone harassment. After a hearing, the court found that defendant had again violated his probation as alleged in the State's petition. Accordingly, the court amended its prior order revoking defendant's probation by adding concurrent terms of 30 more days of imprisonment in the county jail for the two underlying convictions.

On September 16, 1985, the State's Attorney once again filed a petition to revoke defendant's probation, alleging that defendant had committed aggravated battery in violation of the terms of his probation. At the hearing on the State's petition, the following facts were introduced. On the evening of September 14, 1985, Officers Andrew Tolle and David Hendricks of the Galesburg police department responded to a radio dispatch reporting two drunk and disorderly individuals at the Dairy Queen restaurant. When the uniformed officers arrived, defendant was lying on the ground against the Dairy Queen building. His speech was incoherent, he had trouble standing up, and his breath exuded alcohol. The officers determined that defendant was unable to operate his bicycle, so they placed the bicycle in a squad car and offered to assist defendant by giving him a ride home. Defendant reached for Officer Hendricks' arms. Hendricks tried to get away, but defendant then moved his hand to Hendricks' service revolver. At this point, Hendricks placed defendant under arrest for disorderly conduct, cuffed him and placed him in a squad car. At the police station, Tolle and Hendricks placed defendant in a holding cell while they proceeded to inventory his belongings and remove the cuffs. Defendant asked to use the restroom, so Hendricks and another officer, Curtis Kramer, escorted defendant down the hallway to the facilities. According to Hendricks, defendant punched the metal restroom door as he was leaving. On his way back to the holding cell, defendant flailed out his arms, and began pounding on the cinder-block walls and babbling about his girlfriend. When he turned, defendant caught Officer Kramer in the stomach with his fist. The officer's wind was knocked out temporarily, but he required no medical attention as a result of the blow.

Defendant testified that he could recall being drunk at the Dairy Queen on the night in question and that he had been arrested and placed into a squad car. Beyond that, defendant said he had no memory of the events heading up to the aggravated-battery charge.

At the completion of the evidence and arguments of counsel, the

trial court found that defendant had violated the terms of his probation by committing aggravated battery as alleged in the State's petition. Defendant's probation was revoked and, upon finding no factor in mitigation and the same two factors in aggravation as previously entered, the court resentenced defendant on the underlying burglaries to concurrent sentences of five years in the Department of Corrections. The court further ordered that defendant be granted credit for 118 days spent in jail pending the hearing on the latest petition to revoke, and specifically denied any credit for time spent on probation.

Defendant presents three issues for our consideration on appeal: 1) whether the State's evidence that defendant violated a term of his probation by committing an aggravated battery was proved by a preponderance of the evidence; 2) whether the trial court erred in failing to consider factors in mitigation in resentencing defendant to five years of imprisonment for the underlying convictions; and 3) whether this cause must be remanded for correction of the judgment of sentence and mittimus to grant credit for time spent in jail pending the court's dispositions of the original offenses and the two prior revocation petitions.

Initially, we reject defendant's argument that the quantum of the State's evidence of his commission of aggravated battery was insufficient to sustain the court's decision to revoke probation. The crux of defendant's argument is that he could not commit a battery without possessing sufficient control of his mental faculties for specific intent. Defendant contends that his intoxication was so extreme as to totally negate the knowledge and intent elements required under sections 12—3(a) and 12—4(b)(6) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, pars. 12—3(a), 12—4(b)(6)).

■■ The lack of criminal culpability will not, of itself, invalidate a finding that a defendant has violated his probation. (*People v. Allegri* (1985), 109 Ill. 2d 309, 487 N.E.2d 606.) In *Allegri*, our supreme court held that an insanity defense is unavailable in a probation revocation hearing because "the real issue *** was whether the defendant's continued presence in society presents a danger." (109 Ill. 2d 309, 314, 487 N.E.2d 606, 608.) The court explained:

> "Personal culpability is not required for a court to revoke a sentence of probation. (*People v. Davis* (1984), 123 Ill. App. 3d 349, 353[, 462 N.E.2d 824, 78 Ill. Dec. 705] (defendant's failure to be accepted in drug- and alcohol-treatment program justified revocation).) This point is illustrated by section 5—6—2(c) of the Unified Code of Corrections, which provides that the 'court may at any time terminate probation or conditional discharge if

warranted by the conduct of the offender and the ends of justice.' (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—2(c).) The legislature's choice of the word 'conduct' strongly suggests that the key question in a revocation proceeding is whether the objective acts of the defendant require revocation, not whether he is legally responsible for such acts. Indeed, the statute has no requirement that such conduct even be of a criminal nature, let alone criminally culpable." 109 Ill. 2d 309, 314-15, 487 N.E.2d 606, 608.

■ The *Allegri* court's reasoning applies with equal force to the defense of voluntary intoxication. We find unpersuasive defendant's attempt to distinguish between the defense of insanity and the defense of voluntary intoxication on the ground that insanity "excuses" the individual's criminal behavior and intoxication "negatives" the commission of the crime. (See LaFave & Scott, Criminal Law sec. 45, at 342 n.7 (1972).) The theory amounts to a distinction without a difference, however, in the context of this case, considering that the proper focus in a probation revocation is on probationer's conduct while in society. Focusing, as we must, on the defendant's conduct, rather than his mental state, we find no frailty in the State's evidence of conduct which demonstrated that "defendant is a threat to society and that his continued presence outside of jail is unwarranted." *People v. Allegri* (1985), 109 Ill. 2d 309, 314, 487 N.E.2d 606, 607.

Next, the State concedes that defendant's cause should be remanded for the purpose of determining and granting to him credit for all time spent in custody on the original offenses and the first two probation revocation proceedings. (See *People v. Scheib* (1979), 76 Ill. 2d 244, 390 N.E.2d 872.) The defendant and the State part company only in their assignment of credit applicable to the sentences imposed on the two offenses. At issue are the 81 days defendant spent in the county jail between the time he was taken into custody on the first burglary and the date of his concurrent sentencing hearing on both burglaries.

Defendant was initially arrested for burglary (83—CF—146) on November 26, 1983. He was held in custody on that offense for 26 days until released on his own recognizance on December 21, 1983. On January 14, 1984, defendant was arrested on the second burglary (84—CF—8) and remained in custody from that date until his sentencing hearing on March 1, 1984, at which time defendant was sentenced on both offenses. The sentencing court at that time granted defendant credit for 81 days in the county jail against both of the 120-day concurrent sentences of periodic imprisonment.

The defendant asserts that he is entitled to credit on the second burglary (84—CF—8) for the 26-day period spent in the county jail as a result of the first burglary (83—CF—146) before he was released on his recognizance. The State takes the position that credit for jail time cannot be given for time spent prior to the commission of the crime for which the sentence being credited is imposed.

Neither the State nor defendant directs our attention to any cases directly on point. By statute, a defendant is entitled to credit only "for time spent in custody *as a result of* the offense for which the sentence was imposed." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—7(b).) Defendant suggests that to now deny him credit for time spent in jail on the 83—CF—146 burglary against the five-year term of imprisonment imposed upon revocation of probation on 84—CF—8 could violate section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(c)), which proscribes increasing a sentence after it has been imposed. He reasons that once the credit was given (in connection with the original concurrent sentences of probation) it cannot later be taken away. Defendant's argument fails to persuade. Clearly, we do no violence to section 5—8—1(c), since the sentence with which we are concerned on appeal was not the one for which excess credit was granted.

■ Any error committed by the trial court in granting credit at the time the court originally sentenced defendant to probation does not affect the determination of credit upon revocation of probation. Defendant's sentence is not increased as a consequence of proper crediting pursuant to the dictates of section 5—8—7. We hold that defendant is not entitled to credit under section 5—8—7(b) of the Unified Code of Corrections against his sentence on the 84—CF—8 burglary for time spent in jail prior to his release on recognizance bond on the 83—CF—146 burglary.

Nonetheless, we agree with defendant that he is entitled to credit previously granted against both sentences for all jail time spent subsequent to defendant's arrest on 84—CF—8. We are not convinced by the State's argument that defendant necessarily spent jail time after his arrest on 84—CF—8 "as a result of" that offense alone simply because he had been released on a recognizance bond on the earlier offense (83—CF—146) at the time of his arrest on 84—CF—8. A condition of defendant's recognizance bond on 83—CF—146 was violated upon the commission of the 84—CF—8 burglary. Accordingly, defendant was in custody "as a result of" both offenses upon his arrest for for 84—CF—8 burglary.

Finally, defendant argues that the trial court erred in imposing a

sentence of imprisonment upon revocation of his probation when it failed to find at least two of the three factors in mitigation considered in defendant's original sentence on the underlying burglary convictions. The State does not dispute that the trial court was required to base its sentencing determination on the underlying offenses rather than on defendant's conduct leading up the revocation of his probation. (*People v. Locey* (1977), 50 Ill. App. 3d 179, 180-81, 365 N.E.2d 1146, 1147 (quoting *People v. Deskin* (1977), 47 Ill. App. 3d 328, 361 N.E.2d 1188).) But, the State argues, the trial court was not precluded from considering defendant's conduct while on probation for the purpose of reassessing his history, character and rehabilitative potential. *People v. Willis* (1978), 64 Ill. App. 3d 737, 381 N.E.2d 799; *People v. Locey* (1977), 50 Ill. App. 3d 179, 365 N.E.2d 1146.

The State's position is convincing with respect to the third factor recited in the trial court's original sentencing judgment. In its original sentencing determination, the court found that defendant was likely to comply with the terms of probation. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.1(a)(10).) This factor relates directly to defendant's rehabilitative potential. The record before us amply demonstrates that defendant will not in fact comply with his probation. Defendant does not seriously resist this conclusion.

The same cannot be said, however, with respect to the other factors in mitigation found at the defendant's original sentencing. In its written sentencing judgment upon revocation of his probation, the court specifically found no factors in mitigation. The only plausible explanation for failing to consider factors (1) and (2) of section 5—5—3.1 of the Uniform Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—5—3.1(a)(1), (a)(2)), as previously found in mitigation, is that the court considered defendant's misconduct while on probation. This was error.

■ Nothing the defendant may have done during his probationary period could have altered the fact that defendant's burglaries "neither caused nor threatened serious physical harm to another" person (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.1(a)(1)) and that the defendant did not contemplate that his burglaries "would cause or threaten serious physical harm to another" (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.1(a)(2)). These two mitigating factors were assessed solely with regard the defendant's conduct and criminal culpability at the time of the commission of the offense for which he was convicted. They do not in any way reflect upon such matters as defendant's rehabilitative potential, his history or his character. (See *People v. Willis* (1978), 64 Ill. App. 3d 737, 381 N.E.2d 799.) Accord-

ingly, we hold that these two mitigating factors should have been considered by the court upon resentencing defendant to a term of imprisonment for the two burglaries.

Because we cannot determine what, if any, effect the trial court's failure to consider the two applicable factors in mitigation had on its imposition of a five-year term of imprisonment, we vacate defendant's sentence and remand this cause for purposes of resentencing.

For the reasons stated, this cause must be remanded. In addition to resentencing, a corrected judgment should be entered and the mittimus should be issued showing proper calculation of jail-time credit pursuant to section 5—8—7(b) of the Unified Corrections Code and the views expressed herein.

Sentence vacated, cause remanded.

WOMBACHER and HEIPLE, JJ., concur.