THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
SCOTT CARLBERG, Defendant-Appellant.
First District (3rd Division)   No. 1—87—0448

Opinion filed March 29, 1989.

Michael J. Pelletier and Gordon H. Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, James E. Fitzgerald, and Pradeep Y. Roy-Singh, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:
Defendant, Scott Carlberg, appeals from a trial court order denying his motion to amend the mittimus to grant him additional credit for time served in pretrial incarceration.

On December 15, 1982, defendant committed residential burglary. (Information No. 82—500217.)

On February 22, 1983, defendant committed armed robbery, unlawful restraint, and unlawful use of a weapon. (Indictment No. 82—2513.)

On October 22, 1983, defendant was released by posting bond after spending 7 months and 27 days in custody.

On November 14, 1983, defendant committed the offense of possession of a stolen vehicle. (Case No. 83—I—6167.) He remained in custody for 23 days, until December 6, 1983.

On January 24, 1984, defendant committed armed robbery. (Information No. 84—I—1211.) He spent 64 days in jail prior to entering a plea of guilty.

On March 23, 1984, defendant pleaded guilty to the charged offenses and the trial court accepted the plea. Defendant indicated he understood his sentences of eight years would run concurrently. Defendant asked the trial court whether he would get credit for the 10 months served and the court replied: "You get credit for that. You get credit for the ten months you have been in jail."

Later, the court formally pronounced sentences of eight years for each of the separate cases, sentences to run concurrently. The court order reads that the No. 84—I—1211 sentence was to "run concurrent with 83—2513 and 83—500217. Defendant given credit for time served while awaiting trial."

The Department of Corrections subsequently indicated the only time credited against the No. 84—I—1211 case would be the 64 days spent in jail between defendant's January 24 arrest and March 23 plea date. The time periods of 23 days and of 7 months, 27 days spent in jail following the prior arrests would not be credited against the No. 84—I—1211 eight-year sentence.

On January 28, 1987, defendant moved to amend the mittimus, arguing that the full 10 months' credit should also apply to No. 84—I—1211. The trial court denied the motion, finding that defendant could not receive credit in No. 84—I—1211 for time served prior to the commission of the No. 84—I—1211 offense.

■ Under the relevant statutes, credit shall be given on the determinate sentence or maximum term for time spent in custody "as a result of the offense for which the sentence was imposed," and where defendant was "arrested on one charge and prosecuted on another charge for conduct which occurred prior to his arrest," he shall receive credit for the "time spent in custody under the former charge not credited against another sentence." Ill. Rev. Stat. 1985, ch. 38, pars. 1005—8—7(b), (c).

■ Accordingly, jail time spent under the 1983 charges cannot be credited against his sentence for the 1984 charge which had not yet been committed. (See *People v. Cooper* (1986), 146 Ill. App. 3d 596, 601, 497 N.E.2d 157.) Thus, the credit under No. 84—I—1211 was

properly restricted to the time between his January 25, 1984, arrest and March 23, 1984, entry of a guilty plea. The trial court's holding is consistent with the statute under which the court granted credit. Defendant's sentence has been properly credited.

For the foregoing reasons, the order of the circuit court of Cook County denying defendant's motion to correct mittimus is affirmed.

Order affirmed.

FREEMAN, P.J., and WHITE, J., concur.