NOTICE
This Order was filed under Su-
preme Court Rule 23 and is not
precedent except in the limited
circumstances allowed under
Rule 23(e)(1).

2023 IL App (4th) 230045-U

NO. 4-23-0045

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 1, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| JARROD RK RICHMOND, | ) | No. 21CF757 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William G. Workman, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Presiding Justice DeArmond and Justice Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant forfeited his contention the circuit court's resentence was a
punishment for his actions on probation, and his sentence was not excessive.

¶ 2    In August 2021, a grand jury indicted defendant, Jarrod RK Richmond, with one
count of burglary (720 ILCS 5/19-1(a) (West 2020)).  At an October 2021 hearing, defendant
pleaded guilty to the charge pursuant to a negotiated plea agreement, and the McLean County
circuit court sentenced him to 24 months' probation in a recovery court program.  In April 2022,
the State filed a petition to revoke defendant's probation.  At a June 2022 hearing, defendant
admitted he violated the terms of his probation.  After an October 2022 hearing, the court
resentenced defendant to eight years' imprisonment.  Defendant filed a motion to reconsider his
sentence, which the court denied in January 2023.

¶ 3    Defendant appeals, contending (1) the circuit court abused its discretion when it

sentenced defendant for the probation violation instead of the offense for which he was convicted and (2) his sentence was excessive. We affirm.

¶ 4                                  I. BACKGROUND

¶ 5        Defendant and the State entered into a negotiated plea agreement, under which defendant would plead guilty to the burglary charge and receive a sentence of 24 months of probation in the recovery court program, which had numerous conditions. He was also to serve 180 days in jail, which was to be stayed.

¶ 6        On October 12, 2021, the circuit court held a plea hearing. The court admonished defendant and heard the following factual basis for the plea. On July 24, 2021, at around 12:30 a.m., a male opened the serving window of Carl's Ice Cream, entered the building, and stole ice cream. The store's video surveillance captured images of the male, who had distinctive tattoos on his arms and neck and a distinctive hairstyle. After the images of the male suspect were shared within the police department, an officer encountered defendant and identified him as the suspect captured in the surveillance video. The court accepted defendant's plea and sentenced him to 24 months' probation in the recovery court program.

¶ 7        In April 2022, the State filed a petition to revoke defendant's probation, alleging defendant did not complete or submit verification of self-help meetings as sanctioned by the recovery court team and judge for the period of March 3 to 24, 2022. At a June 2022 hearing, defendant admitted the allegation in the petition to revoke his probation. The factual basis for the admission was as follows: the terms of defendant's probation required him to successfully complete the recovery court program, obey all the rules and regulations of the program, and comply with all treatment plans set by the circuit court and the recovery court officer, as well as other terms. He violated those terms and conditions by not completing or submitting verification

of self-help meetings, which was sanctioned by the recovery court team and the recovery court judge for the period of March 3 to 24, 2022. The court accepted defendant's admission.

¶ 8 On October 28, 2022, the circuit court held defendant's resentencing hearing. The State presented the October 25, 2022, presentence investigation report and the testimony of Edie Cervantes, a McLean County probation officer.

¶ 9 The presentence investigation report set forth the language of the burglary indictment, which stated defendant knowingly entered the building of Carl's Ice Cream without authority and with the intent to commit therein a theft. The presentence investigation report further showed defendant had two pending unlawful possession of a controlled substance charges and six prior felony convictions. He was raised by his mother, whom he described as " 'an addict, neglectful, and verbally and physically abusive.' " Additionally, defendant reported he suffered from bipolar disorder, post-traumatic stress disorder, anxiety, and depression. Defendant also had substance abuse issues with cannabis, opioids, stimulants, hallucinogens, and sedatives.

¶ 10 Cervantes testified she was defendant's recovery court probation officer. Defendant had been in recovery court for a year and was in phase two of a five phase program. Cervantes testified it generally took a person 30 to 45 days to complete a phase. According to Cervantes, defendant had not progressed in the program due to his substance use, tetrahydrocannabinol levels, inconsistency in complying with program rules, dishonesty, and triangulation. As to substance use, Cervantes explained defendant had only one month of actual negative drug screens since he had been in the program. Cervantes also explained defendant had been ordered to participate in self-help meetings. Earlier in the program, defendant had been inconsistent in attending those meetings. Beginning in September 2022, defendant began to

regularly attend the self-help meetings. Defendant had "buckled down" as his resentencing date approached and had begun participating in Alcoholics Anonymous meetings. Cervantes described defendant as doing the recovery court program his way. In her opinion, defendant would not successfully complete the program if he was allowed to remain in it. Cervantes also had concerns about the successfulness of other clients if defendant was allowed to remain in the program. However, Cervantes acknowledged she had received reports defendant was an encouragement to others in group activities.

¶ 11    Defendant presented two letters, one from Rodney Wilson, his friend, and one from Katarzyna Zalewska-Richmond, defendant's wife. Wilson noted defendant had been sober for over a month, which had led to defendant being "much calmer, more thoughtful, and devoted to his wife, loved ones, and the [Alcoholics Anonymous] program." Defendant's wife explained defendant had become a different man and wanted to be a better person. He had shown honesty and accountability in his recovery program. In his statement in allocution, defendant recognized he had not been perfect in the recovery program but noted he would be extremely grateful for another opportunity to participate in the program.

¶ 12    In their arguments, both the State and defense counsel focused on whether defendant should again be sentenced to the recovery court program and did not address the facts underlying the burglary conviction. The State asserted defendant should not be resentenced to recovery court and should receive a prison sentence of 10 years. Defense counsel argued defendant should be resentenced to recovery court and, if not, defendant should receive the minimum prison term of three years.

¶ 13    The circuit court sentenced defendant to eight years' imprisonment. The court first noted it had reviewed the presentence investigation report. It found in aggravation

- 4 -

defendant's long criminal history and the need to deter others in the recovery court program. The court found another sentence of probation in the recovery court program would not be appropriate. It did find the offense was the result of defendant's "use of, or abuse of, or addiction to either a controlled substance or alcohol," so the Department of Corrections could assist defendant with a treatment program.

¶ 14 Defendant filed a timely motion to reconsider his resentence, asserting his eight-year prison sentence was excessive. After a January 4, 2023, hearing, the circuit court denied defendant's motion to reconsider his resentence.

¶ 15 Defendant first filed a notice of appeal on January 11, 2023, which listed the wrong date for the order from which defendant appealed. On January 30, 2023, defendant filed a timely amended notice of appeal in sufficient compliance with Illinois Supreme Court Rule 606 (eff. March 12, 2021). See Ill. S. Ct. R. 606(d) (eff. Mar. 12, 2021); R. 303(b)(5) (July 1, 2017). Accordingly, this court has jurisdiction of defendant's appeal under Illinois Supreme Court Rule 603 (eff. Feb. 6, 2013).

¶ 16        II. ANALYSIS

¶ 17        A. Probation Actions

¶ 18 Defendant asserts the circuit court abused its discretion in sentencing him because the court's resentence was based on his actions while on probation and not for the original offense. Defendant recognizes he did not raise this issue in the circuit court and asserts we should review the claim under the plain-error doctrine (Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967)). The State contends the court did not err, and if it did, the error did not rise to the level of plain error.

¶ 19 In the sentencing context, the plain-error doctrine permits a reviewing court to

consider unpreserved error under the following two scenarios: "(1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing." *People v. Hillier*, 237 Ill. 2d 539, 545, 931 N.E.2d 1184, 1187 (2010). We begin a plain-error analysis by first determining whether any error occurred at all. *People v. Sargent*, 239 Ill. 2d 166, 189, 940 N.E.2d 1045, 1059 (2010). If error did occur, this court then considers whether either of the two prongs of the plain-error doctrine has been satisfied. *Sargent*, 239 Ill. 2d at 189-90, 940 N.E.2d at 1059. "Under both prongs of the plain-error doctrine, the defendant has the burden of persuasion." *Hillier*, 237 Ill. 2d at 545, 931 N.E.2d at 1187. If the defendant fails to meet his or her burden of persuasion, the reviewing court applies the procedural default. *Hillier*, 237 Ill. 2d at 545, 931 N.E.2d at 1188.

¶ 20 After revoking a defendant's probation, the circuit court may resentence a defendant to any sentence that would have been appropriate for the original offense. *People v. Young*, 138 Ill. App. 3d 130, 134-35, 485 N.E.2d 443, 445 (1985); 730 ILCS 5/5-6-4(e) (West 2020). The court may consider the defendant's conduct while on probation in reassessing rehabilitative potential. *Young*, 138 Ill. App. 3d at 135, 485 N.E.2d at 445. As such, the court may impose a more severe sentence than the one initially imposed if the defendant's conduct on probation reflected poorly on his or her rehabilitative potential. *People v. Turner*, 233 Ill. App. 3d 449, 456-57, 599 N.E.2d 104, 110 (1992). However, the sentence imposed must not be punishment for the probation violation. *Young*, 138 Ill. App. 3d at 135, 485 N.E.2d at 445. This court will not find a sentence within the statutory range for the offense was an abuse of the sentencing court's discretion unless we are "strongly persuaded" the circuit court intended to penalize the defendant for violating his or her probation. *Young*, 138 Ill. App. 3d at 142, 485 N.E.2d at 450.

¶ 21    Burglary is a Class 2 felony with a sentencing range of three to seven years in prison. 720 ILCS 5/19-1(b) (West 2020); 730 ILCS 5/5-4.5-35(a) (West 2020). Due to his criminal record, defendant was eligible for an extended-term sentence under section 5-5-3.2(b)(1) of the Unified Code of Corrections (730 ILCS 5/5-5-3.2(b)(1) (West 2020)). The sentencing range for an extended-term Class 2 felony is 7 to 14 years in prison. 730 ILCS 5/5-4.5-35(a) (West 2020). Thus, defendant's eight-year sentence was well within the extended-term sentencing range.

¶ 22    In support of his argument, defendant cites *People v. Varghese*, 391 Ill. App. 3d 866, 877, 909 N.E.2d 939, 949 (2009), where the reviewing court was convinced the trial court punished the defendant for his conduct while on probation and held the trial court abused its discretion in resentencing the defendant. There, on resentence, the trial court had resentenced the defendant to the maximum term of seven years' imprisonment, and evidence had been presented defendant had attempted to meet up with a 16-year-old girl while he was on sex-offender probation. *Varghese*, 391 Ill. App. 3d at 869, 875, 909 N.E.2d at 942, 947. In explaining its decision to reverse the trial court's resentence, the reviewing court stated the following:

> "Here, the remarks of the trial court in their totality clearly indicate that it never expressly considered defendant's original offense when fashioning his sentence. Rather, the trial court's concluding comments, by focusing on defendant's conduct while on probation, demonstrate that it improperly commingled uncharged conduct with his original offense. Immediately prior to imposing sentence, the trial court chastised defendant for the reprehensible nature of his conduct while on probation. It stated in summation: 'This conduct is intolerable.

This conduct is dangerous.' Read in context, the phrase 'this conduct' clearly referred to defendant's conduct while on probation. That the trial court's final sentencing determination immediately followed this statement and a lengthy discussion about the certainty of the uncharged conduct strongly indicates that defendant was sentenced for such particular 'dangerous' and 'intolerable' uncharged conduct. If this conduct constitutes another offense, defendant should be tried, convicted, and sentenced 'under orderly criminal processes.' [Citation.] With only a passing reference to defendant's original offense, it is apparent that the trial court improperly commingled defendant's conduct while on probation with his original offense." *Varghese*, 391 Ill. App. 3d at 877, 909 N.E.2d at 949.

¶ 23 Defendant argues the circuit court here similarly focused its comments on defendant's behavior while on probation. In this case, the court made a brief reference to the burglary offense at the sentencing hearing. However, we disagree that reference means the circuit court abused its discretion.

¶ 24 The facts underlying the burglary offense in this case were simple and neither party addressed them during arguments. The focus of each parties' arguments was on whether defendant should be sentenced to another term of probation in the recovery court program. As to that issue, defendant's actions on probation were relevant, as they showed his rehabilitative potential in the recovery court probation program. At the very end of their respective arguments, each counsel gave a recommendation on the length of a prison term. The circuit court's sentencing comments mirrored the format of the parties' arguments. Its focus was also on whether defendant should be resentenced to recovery court probation. The court did consider the statutory factors in mitigation (730 ILCS 5/5-5-3.1 (West 2020)) and aggravation (730 ILCS 5/5-

5-3.2 (West 2020)) and found few applied. With regard to one of the aggravating factors, we acknowledge the court did mention defendant's behavior on probation. However, it was certainly not the overall focus of the court's weighing of the aggravating and mitigating factors. As noted by the court, defendant had a lengthy criminal history. The court expressly considered the underlying facts of the burglary, as it made the finding the offense was the result of defendant's addiction or use of either alcohol or a controlled substance. Accordingly, we find the circuit court's sentence was not punishment for his actions on probation and thus not an abuse of discretion.

¶ 25    Since we have found no error, we do not address defendant's plain-error arguments and apply the forfeiture doctrine.

¶ 26                                B. Excessive Sentence

¶ 27    Defendant also contends his eight-year sentence was excessive. The State disagrees.

¶ 28    With excessive sentence claims, this court has explained appellate review of a defendant's sentence as follows:

> "A trial court's sentencing determination must be based on the particular circumstances of each case, including factors such as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. [Citations.] Generally, the trial court is in a better position than a court of review to determine an appropriate sentence based upon the particular facts and circumstances of each individual case. [Citation.] Thus, the trial court is the proper forum for the determination of a defendant's sentence, and the trial court's decisions in regard to sentencing are entitled to great deference and weight.

[Citation.] Absent an abuse of discretion by the trial court, a sentence may not be altered upon review. [Citation.] If the sentence imposed is within the statutory range, it will not be deemed excessive unless it is greatly at variance with the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense." (Internal quotation marks omitted.) *People v. Price*, 2011 IL App (4th) 100311, ¶ 36, 958 N.E.2d 341.

See also *People v. Alexander*, 239 Ill. 2d 205, 212, 940 N.E.2d 1062, 1066 (2010). As previously noted, defendant's eight-year sentence falls within the extended-term sentencing range for a Class 2 felony.

¶ 29 In support of his argument, defendant cites *People v. Allen*, 2017 IL App (1st) 151540, ¶ 2, 95 N.E.3d 1162, where the reviewing court reduced the defendant's prison sentence of 10½ years to 6 years, which was the minimum sentence for a Class X felony. The defendant had been convicted of burglary, a Class 2 felony, but was subject to Class X sentencing based on his prior criminal record. *Allen*, 2017 IL App (1st) 151540, ¶ 11. The reviewing court found the most important factor in its reduction was the offense's trivial nature and the fact the 10½-year sentence did not reflect the offense's low level of seriousness. *Allen*, 2017 IL App (1st) 151540, ¶ 15. The reviewing court explained six years was sufficient "to punish an offender for breaking a truck window and stealing two packs of cigarettes and a cap (which were promptly returned to the owner)." *Allen*, 2017 IL App (1st) 151540, ¶ 15. Another reason for the reduction was the following: "Class X sentencing takes into consideration criminal history and reflects the legislature's judgment that repeat offenders deserve longer sentences." *Allen*, 2017 IL App (1st) 151540, ¶ 16. Additionally, the court noted the defendant's criminal history was nonviolent, nonserious, and posed no risk of harm to any individuals. *Allen*, 2017 IL App (1st) 151540, ¶ 17.

¶ 30        In this case, defendant's criminal history subjects him to a possible extended-term sentencing range of 7 to 14 years. His sentence of eight years in prison is only one year above the minimum extended-term sentence. Unlike the defendant in *Allen*, defendant had committed crimes that posed a risk of harm to others, such as driving under the influence and robbery. Moreover, the evidence showed defendant's lack of rehabilitative potential. While defendant broke into an ice cream store and took ice cream, an eight-year prison term is not excessive when the relevant sentencing factors are weighed.

¶ 31                          III. CONCLUSION

¶ 32        For the reasons stated, we affirm the McLean County circuit court's judgment.

¶ 33        Affirmed.