NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231055-U

NO. 4-23-1055

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 29, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Woodford County |
| JOHNNY L. CLESSON, | ) | No. 20CF124 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Michael L. Stroh, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Doherty and Knecht concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court affirmed, finding the trial court did not abuse its discretion
when it resentenced defendant to two years in prison following the revocation of
probation.

¶ 2     In April 2021, defendant, Johnny L. Clesson, pleaded guilty to aggravated driving

while his driver's license was suspended (625 ILCS 5/6-303(a), (c-3) (West 2020)), and the trial

court sentenced him to 30 days in jail, followed by 30 months' probation. In January 2023, the

State filed a petition to revoke defendant's probation, alleging five probation violations. Defendant

admitted to two probation violations. In May 2023, the court resentenced defendant to two years

in prison.

¶ 3     Defendant appeals, arguing the trial court improperly sentenced him based on his

probation conduct rather than for the underlying offense. He asks this court to vacate his sentence

and remand for a new sentencing hearing. We affirm.

¶ 4                                    I. BACKGROUND

¶ 5        In October 2020, a grand jury indicted defendant for aggravated driving while his driver's license was suspended (625 ILCS 5/6-303(a), (c-3) (West 2020)), a Class 4 felony. At the time, defendant's driving privileges were suspended pursuant to a statutory summary suspension (see 625 ILCS 5/11-501.1 (West 2020)) and he was eligible for a monitoring device driving permit (MDDP).

¶ 6        In April 2021, defendant pleaded guilty in exchange for a sentencing cap of 100 days' imprisonment. The State agreed to a stipulated criminal history, a waiver of a presentence investigation report (PSI), and a dismissal of two pending traffic cases. At a June 2021 sentencing hearing, the trial court sentenced defendant to 30 days in jail, followed by 30 months' probation.

¶ 7        In January 2023, the State filed a petition to revoke defendant's probation, alleging defendant: (1) committed the offenses of unlawful use of a black-jack/knife and obstructing identification in October 2022 in Tazewell County case No. 22-CM-527, (2) committed theft in November 2022 in McLean County case No. 22-CM-933, (3) violated his bail bond and committed the offense of resisting a peace officer in December 2022 in McLean County case No. 22-CM-969, (4) violated his bail bond twice in December 2022 in McLean County case No. 22-CM-982 and (5) was convicted in January 2023 for driving on a revoked license in October 2022 in Tazewell County case No. 22-MT-1705. In April 2023, defendant admitted to the first and fifth allegations. In exchange, the State dismissed the remaining allegations.

¶ 8        In May 2023, the resentencing hearing commenced. The trial court stated it had received the PSI and the addendum to the PSI.

¶ 9        The State presented evidence in aggravation. Officer Jeremy Cunningham of the Bloomington Police Department testified as to the second allegation in the State's petition to

revoke. In November 2022, Officer Cunningham responded to a call from defendant's ex-girlfriend, Amy Ferrell, reporting the theft of her iPad. Officers found defendant at his home, where he initially denied possessing the iPad. After he was placed under arrest, defendant told officers to look in the garage, where the iPad was found. As a condition of his bail bond in that case, defendant was ordered to have no contact with Ferrell.

¶ 10      Officer Kerri Johnson of the Bloomington Police Department testified as to the third and fourth allegations in the State's petition to revoke. On December 16, 2022, Chris Marx called police to report that the tires on Ferrell's vehicle had been slashed after defendant was seen outside her home. Ferrell also reported defendant contacted her despite having a no-contact order against him. Officers found defendant at his home. Defendant resisted arrest and fled into his residence, where he was ultimately tased. On December 20, 2022, Ferrell again reported defendant for messaging her three times via Facebook despite the no-contact order.

¶ 11      Defendant testified on his own behalf. He denied stealing Ferrell's iPad or slashing the tires on her vehicle. Defendant stated he had begun counseling three months earlier to receive treatment for attention-deficit/hyperactivity disorder (ADHD) and autism spectrum disorder. He also started seeing a psychiatrist two weeks before the hearing. On cross-examination, defendant admitted using methamphetamine when he ran out of his ADHD medication. He also admitted using cannabis an hour and a half before the hearing, but insisted he rarely smoked cannabis unless he was in a high-stress situation or to help him fall asleep. Defendant submitted a written statement in allocution, which was attached to the PSI addendum.

¶ 12      The trial court revoked defendant's probation and resentenced him to two years in prison. The court stated it considered the PSI, the evidence in aggravation and mitigation, defendant's written statement in allocution, the financial impact statement, and the arguments of

counsel as to sentencing alternatives. In mitigation, the court found (1) defendant's criminal conduct neither caused nor threatened serious physical harm to another and (2) he did not contemplate his criminal conduct would cause or threaten serious physical harm to another. In aggravation, the court found (1) defendant had a prior criminal history and (2) a sentence was necessary to deter others from similar conduct.

¶ 13        The trial court continued:

"The defendant was placed on probation in this case for a period of 24 months. He was ordered to obtain a drug and alcohol evaluation and treatment, mental health evaluation and treatment, take prescribed medications, not violate the law. Subsequent to the defendant being placed on probation he has admitted through the petition to revoke to committing two new offenses, that being unlawful use of a blackjack knife and obstructing identification in Tazewell County case 22-CM-527 and driving while license revoked in Tazewell County case 22-MT-1705.

The State has presented evidence by way of testimony from two officers from Bloomington police department laying forth the facts of McLean County cases 22-CM-933, 22-CM-969, and 22-CM-982. The court in applying the standard of proof at a sentencing hearing for such testimony finds that the State has met their burden of a preponderance of the evidence in relation to those three offenses. The defendant has testified as to mitigation as to those offenses. But the court finds those have been established and finds that the defendant has committed new offenses while on a term of probation here in Woodford County.

Taking all of that into consideration the court finds that having consideration for the nature and circumstances of the offense and the history, character, and condition of the defendant that probation would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice. The number one provision of any order and cert—order and condition of probation, [defendant], is not to violate the law. And when you have done so now on five separate occasions I cannot find that you're likely to comply with probation. And doing anything other than a prison term would, in effect, make orders of probation meaningless.

So the court is revoking your probation, sentencing you to two years in the Illinois Department of Corrections."

¶ 14    Thereafter, defendant filed a motion to reconsider his sentence, which the trial court denied.

¶ 15    This appeal followed.

¶ 16                                II. ANALYSIS

¶ 17    Defendant argues the trial court abused its discretion in sentencing him based on his probation conduct rather than for the original offense. He concedes he did not preserve this issue on appeal but asks this court to review his claim under the plain error doctrine. Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967).

¶ 18    "The plain-error doctrine is a narrow and limited exception" to the forfeiture rule. *People v. Hillier*, 237 Ill. 2d 539, 545, 931 N.E.2d 1184, 1187 (2010). To obtain relief under the plain error doctrine, the defendant must first show a clear or obvious error occurred. *People v. Pina*, 2019 IL App (4th) 170614, ¶ 29, 143 N.E.3d 794. If an error did occur, the defendant must

then demonstrate either (1) the evidence was closely balanced at sentencing or (2) the error was sufficiently grave that it deprived the defendant of a fair sentencing hearing. *People v. Ahlers*, 402 Ill. App. 3d 726, 734, 931 N.E.2d 1249, 1256 (2010). The defendant bears the burden of persuasion under both prongs of plain error. *Ahlers*, 402 Ill. App. 3d at 734. The procedural default will be honored if the defendant fails to meet his burden. *Hillier*, 237 Ill. 2d at 545. Defendant here claims second-prong plain error. However, we must first determine whether a clear or obvious error occurred.

¶ 19        Following a revocation of probation, the trial court may resentence a defendant to any sentence that was available for the original offense. *Pina*, 2019 IL App (4th) 170614, ¶ 30; 730 ILCS 5/5-6-4(e) (West 2022). In reaching its resentencing determination, the court may consider the defendant's probation conduct as it relates to his rehabilitative potential. *People v. Young*, 138 Ill. App. 3d 130, 135, 485 N.E.2d 443, 445 (1985). As such, the court "may appropriately impose a harsher sentence than originally imposed or a different sentence than it would have imposed had probation not been granted." *Pina*, 2019 IL App (4th) 170614, ¶ 33. However, the sentence imposed cannot be punishment for the probation violation. *Pina*, 2019 IL App (4th) 170614, ¶ 30.

¶ 20        We will not disturb the trial court's sentencing decision absent an abuse of discretion. *People v. Alexander*, 239 Ill. 2d 205, 212, 940 N.E.2d 1062, 1066 (2010). "[A] sentence within the statutory range for the original offense will not be set aside on review *unless* the reviewing court is strongly persuaded that the sentence imposed after revocation of probation was *in fact* imposed as a penalty for the conduct which was the basis of revocation, and *not* for the original offense." (Emphases in original.) *Young*, 138 Ill. App. 3d at 142. "The remarks of the trial

court at sentencing must be taken in context, and read in their entirety, including arguments of counsel." *Young*, 138 Ill. App. 3d at 142.

¶ 21    The offense of driving while license suspended is normally a Class A misdemeanor. 625 ILCS 5/6-303(a) (West 2020)). However, because defendant was convicted while he was subject to a period of statutory summary suspension under section 11-501.1 (625 ILCS 5/11-501.1 (West 2020)) and was eligible for a MDDP, his offense was elevated to a Class 4 felony, requiring a minimum term of 30 days' imprisonment. 625 ILCS 5/6-303(c-3) (West 2020). The sentencing range for a Class 4 felony offense is one to three years in prison. 730 ILCS 5/5-4.5-45(a) (West 2020). Accordingly, defendant's sentence of two years in prison fell within the statutory sentencing range.

¶ 22    Here, prior to making any mention of defendant's probation conduct, the trial court indicated it considered the arguments of counsel, the PSI, and defendant's written statement in allocution. In particular, defendant's written statement extensively detailed the facts and circumstances of the original offense from his perspective. The court also discussed the applicable factors in mitigation and aggravation that applied in "this case." This discussion was clearly in reference to defendant's original offense. Later, in its final comments before rendering its sentence, the court stated, "[H]aving consideration for the nature and circumstances of *the offense* and the history, character, and condition of the defendant[,] *** probation would deprecate the seriousness of [his] conduct and would be inconsistent with the ends of justice." (Emphasis added.) Taken in context, "the offense" refers to the original offense, as opposed to defendant's numerous probation violations.

¶ 23    Defendant contends *People v. Varghese*, 391 Ill. App. 3d 866, 909 N.E.2d 939 (2009), is factually similar to this case. We disagree. In *Varghese*, the sentencing court referred to

the defendant's probation conduct as " 'dangerous' " and " 'intolerable,' " indicating the court improperly commingled the defendant's probation conduct with his original offense. *Varghese*, 391 Ill. App. 3d at 877. The trial court here made no such impassioned comments. Rather, the court evenly discussed defendant's probation conduct as it related to his likelihood to comply with another term of probation. This was an entirely appropriate consideration of defendant's probation conduct. Whether a defendant is likely to comply with the terms of his probation is indicative of his rehabilitative potential, or lack thereof. See *People v. Bouyer*, 329 Ill. App. 3d 156, 161, 769 N.E.2d 145, 149 (2002) (stating the trial court may consider the crime that caused the revocation and the defendant's probation conduct when evaluating the defendant's rehabilitative potential).

¶ 24 Further, defendant's probation conduct was especially relevant in this case, as he had requested yet another sentence of probation. The State's evidence at resentencing established defendant's inability to comply with the terms of his original probation and with the bail bond conditions set in McLean County case No. 22-CM-933. Indeed, defendant himself admitted to engaging in conduct that violated the terms of his probation, including his use of methamphetamine and cannabis. As such, the court was well within its discretion to reject defendant's request for another chance at probation and to impose a harsher sentence than what was originally imposed in this case. See *Pina*, 2019 IL App (4th) 170614, ¶ 33.

¶ 25 After reviewing the trial court's comments in their entirety, we are not persuaded its sentence was imposed to penalize defendant for his conduct on probation rather than the original offense. Because we find no clear or obvious error, defendant cannot establish plain error. We therefore honor defendant's procedural default.

¶ 26                                    III. CONCLUSION

¶ 27 For the reasons stated, we affirm the trial court's judgment.

¶ 28        Affirmed.